UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY and HEAVY CONSTRUCTORS INC.<br><br>Plaintiffs,<br><br>v.<br><br>KUMHO TIRE CO., INC., and<br>KUMHO TIRE U.S.A., INC.,<br><br>Defendants. | Case No.   5:19-cv-5044 |

## COMPLAINT

Plaintiffs American Zurich Insurance Company and Heavy Constructors, Inc., by and through his undersigned attorneys, for his cause of action against Defendants Kumho Tire Co., Inc., and Kumho Tire U.S.A., Inc., alleges and states as follows:

## PARTIES

1. Plaintiff, American Zurich Insurance Company (hereinafter "Zurich"), is an insurance corporation duly organized and created under the laws of Illinois with its principal place of business in Schaumburg, Illinois.

2. Plaintiff, Heavy Constructors, Inc. is a South Dakota corporation with its principal place of business in Rapid City, South Dakota.

3. Defendant, Kumho Tire Co., Inc. (hereinafter Kumho Tire), is a corporation duly organized and created under the laws of South Korea with its principal place of business in Seoul, South Korea. The address of its home office is 555, Sochon-dong, Gwangsan-gu, Gwangju, Korea.

4. Kumho Tire is in the business of designing, manufacturing, selling, distributing and/or supplying motor vehicle tires that are sold in the United States and South Dakota including

the Kumho tire that is the basis of this lawsuit, and is the parent company of Defendant Kumho Tire U.S.A., Inc.

5. Defendant, Kumho Tire U.S.A., Inc. (hereinafter KTUSA), is a wholly owned subsidiary of Defendant Kumho Tire, and is a California corporation with its principal place of business in Georgia located at 133 Peachtree Street, NE Suite 2800, Atlanta, GA.  Its registered agent is Teresa Lam, and she can be served at 133 Peachtree Street, NE Suite 2800, Atlanta, GA. As such, Defendant KTUSA is a citizen of both California and Georgia.

6. KTUSA is in the business of designing, manufacturing, selling, distributing and/or supplying motor vehicle tires within the State of South Dakota, including the subject tire at issue in this lawsuit.

7. KTUSA has been acting as the exclusive agent of Kumho Tire in the United States.

8. Upon information and belief, at all times material hereto, and KTUSA is the alter ego of Kumho Tire, which owns all or most of the capital stock of Defendant KTUSA; Kumho Tire, KTUSA have common directors or officers; and Kumho Tire finance Defendant KTUSA; and Kumho Tire pay the salaries and other expenses or losses of Defendant KTUSA; in the papers of the Defendant Kumho Tire or in the statements of their officers, Defendant KTUSA is described as its department or division, or the business or financial responsibility is referred to as Defendant Kumho Tire's own; and Kumho Tire use the property of Defendant KTUSA as its own; and the directors or executives of Defendant KTUSA do not act independently in its interest but take their orders from the Defendant Kumho Tire in the latter's interest.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 as the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and there exists

complete diversity of citizenship between Plaintiffs and Defendants.

10. Personal jurisdiction over the Defendants to this action is proper because the Defendants at all relevant times conducted business in the State of South Dakota and the causes of action asserted herein arose from and are connected to purposeful acts taken by the Defendants in the State of South Dakota. Defendants' contacts with the State of South Dakota were continuous and systematic. Alternatively, KTUSA does sufficient business in South Dakota to be subject to personal jurisdiction; and jurisdiction over Kumho Tire is therefore proper pursuant to the doctrines of agency, instrumentality, and/or alter ego such that KTUSA's contacts may be imputed onto the Kumho Tire.

11. Venue in this Court is proper because this is where the accident occurred and where the Kumho Tire was sold.

## FACTUAL ALLEGATIONS

12. At all times material hereto, Kumho Tire and KTUSA were jointly engaged in the business of designing, manufacturing, selling, distributing and/or supplying motor vehicle tires, including the "Kumho" branded LT 265/17/16 tire (hereinafter "the Kumho Tire").

13. Kumho Tire and KTUSA did design, manufacture, sell, distribute and/or supply motor vehicle tires, including the Kumho LT 265/17/16, in the State of South Dakota.

14. The Kumho Tire was represented and marketed to Heavy Constructors as a proper replacement tire for its 2002 Ford F250 Flatbed pickup trick (hereinafter "the Truck") prior to June 22, 2016.

15. The Kumho Tire was sold to Heavy Constructors in Rapid City, South Dakota prior to June 22, 2016 by an authorized Kumho Tire retailer.

16. The Kumho Tire was properly installed on the Truck prior to June 22, 2016.

17. The Kumho Tire was properly maintained and used in the normal and expected course of conduct from the date it was purchased.

18. At all times material hereto, Zurich provided workers' compensation insurance coverage to Justin L. Hawk Wing (hereinafter "Justin") pursuant to a policy issued to his employer Heavy Constructors under which Justin was covered.

19. On or about June 22, 2016, in South Dakota, while Justin was working in the course and scope of his employment and was a passenger in the Truck on his way back to the job site with two other employees, the Kumho Tire suddenly and unexpectedly separated, resulting in a catastrophic deflation and causing the Truck to leave the road and overturn.

20. Neither the driver nor occupants of the Truck had any warning or notice that the Kumho Tire was about to fail resulting in the crash.

21. As a result of the crash, Justin was thrown from the Truck and sustained severe injuries.

22. That the driver, Robert Bear Shield, sustained fatal injuries as a result of the accident.

23. That the occupant Jaydee Spotted Elk sustained personal injuries as a result of the accident.

24. Zurich has paid workers' compensation benefits and mitigation expenses and may continue to pay benefits to and on behalf of Justin for injuries sustained as a result of the accident. Zurich brings its claims both as a subrogee of Justin and in its individual capacity.

25. That Heavy Constructors has paid for property damages, workers' compensation benefits and mitigation expenses to and on behalf of Justin for the injuries sustained as a result of the accident. Heavy Constructors brings its claims both as subrogee of Justin and in its individual capacity.

## COUNT I
## NEGLIGENCE

26. The Defendants had a duty to exercise reasonable care in the design, manufacture, marketing, testing, approval, application for approval, inspection, sale and distribution of the Kumho Tire into the stream of commerce.

27. The Defendants failed to exercise ordinary care in the design, manufacture, marketing, testing, inspection, sale and/or distribution of the Kumho Tire into the stream of commerce; in failing to warn of the Kumho Tire's dangerous and defective condition; in failing to take precautions necessary to avert, avoid and eliminate the dangerous, defective, and hazardous condition which caused injury to the plaintiff; in causing, permitting, allowing and/or acquiescing in the occurrence of the accident; and in failing to discover that the Kumho Tire was in a dangerous and defective condition.

28. The Defendants' negligence related to the Kumho Tire includes, but is not limited to, the following:

 a. Designing and manufacturing an inner liner that was too thin for overall size for the tire and the intended and expected uses of the tire;

 b. Failure to design and manufacture the tire inner liner to account for the effects of permeating oxygen;

 c. Using inadequate and improper specifications and formulas resulting in inadequate bonding/curing with the brass coated steel cables;

 d. Allowing too much ambient humidity into the manufacturing process.

 e. Inadequate consideration of the ambient temperatures to which the tire would be subjected in ordinary road operation in the State of South Dakota;

 f. Designing the tire with an inadequate margin of safety to prevent tread and belt

separations in ordinary road operations or under expected and anticipated road conditions;

g. Inadequate sizing or compounding of the belt wedges and/or insulation strips;

h. Excessive use of fillers or other ingredients in inner liner compound(s) and/or the use of an inappropriate inner liner compound(s);

i. Utilization of improper compounds for, or ingredients in, the ply rubber stocks, belt rubber stocks and tread base rubber stocks to achieve a cost savings at the expense of adequate adhesion of tire components;

j. Failure to utilize and assemble tire components in a way that would result in the tread wearing out before the other tire components failed;

k. Failure to incorporate in the design of the tire a full nylon overlay, overbelt or cap strip to inhibit known propensity of steel radial tire failures by tread and belt separations;

l. Inadequate manufacturing resulting in inadequate overlay of the nylon cap.

m. Insufficient design of the belt edges, which rendered the tire insufficiently robust to withstand the stresses applied by normal and foreseeable use;

n. Engineering, designing and selling a tire that is unreasonably sensitive to variations in the manufacturing and/or production process;

o. Inadequate and improper construction methods and materials;

p. Failure to maintain adequate quality control during manufacture;

q. Failure to maintain adequate records of real-world tire performance;

r. Failure to correct the defects revealed by real-world tire performance records;

s. Failure to issue adequate or any post-sale warnings about the problems; and

t. Defects the Defendants discovered, were or should have been aware of or which were

6

brought to the Defendants' attention.

29. As a result of the negligence of Defendants, the Kumho Tire was unreasonably dangerous for its ordinary and foreseeable use at the time it left the possession of Defendants.

30. Defendant's negligent design and manufacture directly and proximately caused Justin to sustain severe injuries and Plaintiffs to incur property damage, mitigation damages, medical expenses and workers' compensation benefits to Justin for his injuries.

## COUNT II
### STRICT DESIGN AND MANUFACTURING DEFECT PRODUCT LIABILITY

31. The Kumho Tire was manufactured, marketed and sold by Defendants to Heavy Constructors in their ordinary business. It reached Heavy Constructors and Justin as users or consumers without substantial change in the condition in which it was sold.

32. At all times material hereto, the Kumho Tire was defective in design and/or manufacture, as described in paragraph 28, above.

33. As a result of the nature of the product sold and the failures identified in paragraph 28, and/or through the failure warn, the Kumho Tire was unreasonably dangerous to persons or property when it left the possession of the Defendants.

34. The defective design and/or defective manufacture and/or defect(s) as a result of inadequate instructions or warnings were conditions of the Kumho Tire that existed at the time it left the control of the Defendants, entered the stream of commerce in the State of South Dakota; and reached Heavy Constructors and Justin as the consumer or user.

35. The Kumho Tire failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner. The benefits of the design of the Kumho Tire do not outweigh the risk of danger inherent in such design. Moreover, the Defendants could have provided a safer alternative design into the Kumho Tire. A safe alternative design

existed at the time the Kumho Tire was manufactured and sold, and it would not have substantially impaired the product's utility. Such a safer alternative design was economically and technologically feasible at the time the product left the control of the Defendants by the application of existing or reasonably achievable scientific knowledge.

36. As a direct and proximate result of the defects related to the Kumho Tire, Justin sustained injuries, and Plaintiffs sustained damages.

37. The Defendants are strictly liable under without regard to proof of negligence or gross negligence.

## COUNT III
## STRICT LIABILITY - FAILURE TO WARN

38. The foreseeable risks of harm from the Kumho Tire could have been reduced or avoided by providing reasonable instructions and/or warning on and/or with the product.

39. The Defendants failed to provide such reasonable instruction and/or warnings with the Kumho Tire at the time it designed, manufactured, marketed, sold, distributed, and/or supplied the product.

40. That the Defendants were aware that its tires are not to be sold more than 3 years past their date of manufacture for the safety of its customers.

41. The Defendants were aware of the substantial risk of harm associated with defect in the Kumho Tire, but nonetheless failed to properly warn consumers of such grave danger.

42. The Defendants' failure to warn was a direct legal and proximate cause of the accident and Plaintiff's damages.

43. In connection with the purchase of the Kumho Tire, Defendants provided an express Limited Warranty Against Defects in Workmanship and Materials for the life of the original tread.[1]

---

[1] https://kumhotireusa.com/tire-basics/oewarranty

44. Plaintiffs experienced a defect with the Kumho Tire within the warranty period. Despite the existence of the warranties, the Defendants failed to inform Plaintiffs that the Kumho Tire was defective and unsafe, and prone to failure and tread separation.

45. By advertising that the Kumho Tire was safe, durable and would perform under ordinary driving conditions, Defendants expressly warranted to Plaintiffs that the Kumho Tire minimally complied with all applicable laws and regulations relating to tires and tire safety.

## COUNT IV
## BREACH OF EXPRESS WARRANTY

46. Through its advertising, marketing and promotional representations, Defendants warranted that the Kumho Tire would be safe, durable and would perform under ordinary driving conditions. Such statements became the basis of the bargain for Plaintiffs because such statements are among the facts a reasonable consumer would consider material in the purchase of a vehicle.

47. Defendants breached these express warranties because the Kumho Tire did not have the safety, durability and performance characteristics warranted by Defendants.

48. As a direct and proximate result of the breach of the express warranties by Defendants, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

49. That at the time the Kumho Tire was designed, engineered, manufactured, inspected, distributed and sold by the Defendants, it was not fit for the ordinary purposes for which such goods are used as demonstrated above in paragraph 28.

50. That the Defendants breached their implied warranty of merchantability created under SDCL § 57 A-2-314.

51. The Kumho Tire was not of merchantable quality and not fit for its foreseeable use

9

and a direct and proximate cause of the accident and Plaintiffs' damages.

52. The failure by Defendants to comply with the implied warranty of merchantability violates Section 2310(d)(1) of the Magnuson-Moss Warranty Act, a direct and proximate result of which is that Plaintiffs have sustained the losses and damages as described above.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF FITNESS

53. That at the time of the sale of the Kumho Tire, the Defendants had reason to know the particular purpose for which the tire was required.

54. That Plaintiffs relied on Defendants' skill, reputation and judgment to select and furnish suitable goods.

55. That at the said time the Kumho Tire was designed, engineered, manufactured, inspected, distributed and/or sold by the Defendants, Kumho Tire was not fit for the ordinary purposes for which such goods are used as demonstrated above in paragraph 28.

56. That the Defendants breached their implied warranty of fitness created under SDCL § 57 A-2-315.

57. The failure by Defendants to comply with the implied warranty of fitness violates Section 2310(d)(1) of the Magnuson-Moss Warranty Act, a direct and proximate result of which is that Plaintiffs have sustained the losses and damages as described above.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs American Zurich Insurance Company and Heavy Constructors demands judgment against the Defendants actual, compensatory, exemplary, punitive and statutory penalties and damages, including interest, in an amount to be proven at trial; together with the pre- and post- judgment interest, costs, disbursements and attorney's fees in this action, and any other relief this Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial for all issues so triable.

Dated this 17th day of June, 2019.

Respectfully Submitted,

 /s/ Daniel E. Ashmore
Dan Ashmore
Gunderson, Palmer, Nelson & Ashmore, LLP
506 Sixth Street
PO Box 8045
Rapid City, SD 57709
(605) 719-3413

Ryan L. Woody*
Matthiesen, Wickert & Lehrer, S.C.
1111 E. Sumner Street
P.O. Box 270670
Hartford, WI 53027
(262) 673-7850
*Pro Hac Vice Admission To Be Sought*

*Attorneys for Plaintiffs*

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
American Zurich Insurance Company and
Heavy Constructors, Inc.

**(b)** County of Residence of First Listed Plaintiff   Cook County, IL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dan Ashmore, Gunderson, Palmer, Nelson & Ashmore, LLP
506 Sixth Street, PO Box 7045, Rapid City, SD 57709

## DEFENDANTS
Kumho Tire Co., Inc.
Kumho Tire U.S.A., Inc.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☒ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1132
Brief description of cause:
Subrogation action resulting from Defendants' defective tire.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
Estate of Robert Bear Shield, et al. v. Kumho Tire U.S.A., Inc., et al.
JUDGE Jeffrey L. Viken
DOCKET NUMBER 18-5036-JLV

DATE 6/17/19
SIGNATURE OF ATTORNEY OF RECORD
Lynn C. Sudbeck for Daniel E. Ashmore

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE